IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PAMELA S. MILLS, : | |
|       Plaintiff, : | |
| v. : | 5:08-CV-358 (CAR) |
| MEDICAL CENTER OF CENTRAL GEORGIA, : | |
|       Defendant. : | |

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is a Motion for Reconsideration [Doc. 38] pursuant to Federal Rule of Civil Procedure 59(e) wherein Plaintiff seeks to have this Court reconsider its Order [Doc. 35] granting Defendant's Motion for Summary Judgment. As discussed below, Plaintiff demonstrates no grounds for reconsideration, so the Motion is **DENIED**.

Reconsideration of a previous order is an extraordinary remedy and should be employed sparingly. Region 8 Forest Servs. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-06 (11th Cir. 1993); Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003). Reconsideration is appropriate only if the movant demonstrates that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Richards v. United States, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999); McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Wallace v. Ga. Dep't of Transp., No. 7:04-cv-78 (HL), 2006

WL 1582409, * 2 (M.D.Ga. June 6, 2006) (quotation and citation omitted).  As such, "a motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined." Id.

Plaintiff does not satisfy any of the three necessary criteria to warrant reconsideration of the Court's prior ruling: She has shown no intervening change in the law, presented no newly discovered evidence to affect the outcome of this case, and demonstrated no need to correct a clear error of law or prevent manifest injustice.  Plaintiff instead attempts to reargue issues already addressed in the Court's previous Order.  Her contention that reconsideration is necessary because the Court did not fully consider her side is untenable, as evidenced by the Court's 29-page Order addressing each of Plaintiff's claims and her arguments.  Having already thoroughly considered the arguments of the parties and the record, the Court finds reconsideration of its previous Order inappropriate under these circumstances. Therefore, Plaintiff's Motion for Reconsideration [Doc. 38] is **DENIED**.

**SO ORDERED.**  This 18thday of March, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

APG/ssh